**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE M. MILLER BAKER**

---

**RAYMOND GEDDES & COMPANY, INC.,**

*Plaintiff,*

*v.*

**UNITED STATES,**

*Defendant.*

---

**No. 26-cv-00865**

**PLAINTIFF'S RESPONSE TO COURT'S PAPERLESS ORDER OF OCTOBER 5, 2026**

NEVILLE PETERSON LLP
*Counsel for Plaintiff*

John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated: October 19, 2026

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i
TABLE OF AUTHORITIES .......... ii
PLAINTIFF'S RESPONSE TO COURT'S PAPERLESS ORDER OF OCTOBER 5, 2026 .......... 1

# TABLE OF AUTHORITIES

## Cases

*Coal. of American Mfrs. of Mobility Access Equip. v. United States*, Slip Op. 26-119 (Ct. Int'l Tr., September 23, 2026) ............................... 3

*Stauffer v. Brooks Bros. Group, Inc.*, 758 F.3d 1314 (Fed. Cir. 2014) ..................................................................................... 3

## Statutes

19 U.S.C. § 1514 .................................................................... 2

28 U.S.C. § 1581 .................................................................... 2

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE M. MILLER BAKER**

| | | |
|---|---|---|
| **RAYMOND GEDDES & COMPANY, INC.,**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**UNITED STATES,**<br><br>*Defendant.* | | **No. 26-cv-00865** |

**PLAINTIFF'S RESPONSE TO COURT'S PAPERLESS ORDER OF OCTOBER 5, 2026**

Plaintiff, Raymond Geddes & Company, Inc., ("Plaintiff"), by and through undersigned counsel, hereby responds to this Court's paperless order of October 5, 2026 (ECF 43) authorizing defendant, the United States, to submit a corrected Reply Brief addressed to its Motion to Dismiss this action for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted (ECF 45) and directing plaintiffs to submit a response.

Initially, plaintiff confirms and incorporates by reference its Response to the Motion to Dismiss filed July 16, 2026 (ECF 20) and its

Response to this Court's Order of September 21, 2026, filed on September 29, 2026 (ECF 40).

The circumstances leading to the filing of Defendant's Corrected Reply Brief underscore the weakness of its Motion to Dismiss.

Defendant's Motion to Dismiss for lack of jurisdiction asserts that the assessment of antidumping duties on plaintiff's entries of Cased Pencils from the Philippines was a determination made by the Commerce Department, and reviewable by this Court only under 28 U.S.C. § 1581(c). As plaintiff asserted in its Response to the Motion to Dismiss, ECF 20, the decision to impose antidumping duties on plaintiff's entries is purely a Customs decision, which is protestable under 19 U.S.C. § 1514(a), and once the protest is denied, is reviewable under this Court's 28 U.S.C. § 1581(a) jurisdiction. Plaintiff's response indicates that the decision to extend the antidumping order against Cased Pencils from the People's Republic of China to plaintiff's Philippine-made pencils (which containa a few Chinese-origin components) was made entirely by Customs officials; Commerce's fingerprints are nowhere to be found.

In an apparent effort to inject Commerce into this case, defendant included with its Reply Brief (ECF 29) four (4) documentary exhibits, two

of which, exhibits #3 and #4, were designated as confidential and filed under seal. By order dated September 21, 2026 (ECF 37), this Court asked the defendant to justify the sealing of Exhibits 3 and 4, and directed plaintiffs to respond. Defendant responded by unsealing the documents on September 28, 2026 (ECF 39). Plaintiff submitted its comments the next day (ECF 40).

It is generally improper to raise an argument or submit materials for the first time in a reply brief. *Coal. of American Mfrs. of Mobility Access Equip. v. United States*, Slip Op. 26-119 (Ct. Int'l Tr., September 23, 2026), citing *Stauffer v. Brooks Bros. Group, Inc.*, 758 F.3d 1314 (Fed. Cir. 2014), and Defendant's decision to submit new documents in its Reply, rather than in its Motion to Dismiss, raised some eyebrows. Review of the now-unsealed Exhibits 3 and 4 showed that they provided **no support** for the Government's Motion to Dismiss.

Exhibit 3 was a copy of a Customs inquiry to Commerce numbered 51718 and dated December 31. 2024 wherein a Customs import specialist sought guidance about the circumstances under which the antidumping order against Cased Pencils from the People's Republic of China could be extended to pencils made in **Vietnam**. Defendant has not shown how this

communication could have been constituted a Commerce Department direction to impose antidumping duties on Raymond Geddes' **Philippine** origin pencils. On its face, it does not support the government's Motion to Dismiss this action.

Exhibit 4 was a copy of a message dated September 15, 2025 from Customs import specialist Claribel Ayala (who has not been shown to have any involvement with plaintiff's entries) inquiring whether the Philippine reporting number for Cased Pencils applies generally or is limited to pencils imported by School Specialty LLC (which had received an earlier scope determination by Commerce). The response did not constitute a Commerce direction to impose dumping duties on any specific pencils ("The third country case number should be used for entries of merchandise should be used for entries of merchandise that are subject to the Cased Pencils from China order. This includes, but is not limited to, the merchandise covered by the School Specialty pencils scope order").

Following plaintiff's response, (ECF 40), the government now admits that Exhibit 4 could not have formed the basis for a Commerce instruction to impose antidumping duties on plaintiff's merchandise,

since it was **issued 10 days after Customs had denied plaintiff's protest against the duty assessments at bar.**

Any pretense that the instant assessment was the result of Customs carrying out Commerce directions in a ministerial capacity is dispelled by Commerce's liquidation instructions for the period in which plaintiff's pencils were imported, attached at Exhibit A to ECF 40. Those instructions indicated that Customs officials should not begin liquidating entries with antidumping assessments until August 10, 2025. Customs liquidated the entries at bar before that date, on July 18, 2025, putting paid any notion that the assessment of antidumping duties on Raymond Geddes' pencils resulted from Customs ministerially carrying out Commerce directions.

The decision at bar was a Customs decision and fully protestable. The Motion to Dismiss should be denied. The government's "smoke and mirrors" effort to link the decision fails, and plaintiff appreciates the candor with the Court shown in defendant's amended Reply.

The Motion to Dismiss should be denied.

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for Plaintiff*

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated: October 19, 2026